# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERTA WILSON, ANGELA WILSON, AND LISA THORNTON on behalf of themselves and other similarly situated, | )<br>)<br>)<br>)<br>) |
| *Plaintiffs*, | ) Case No: 3:17-cv-1412 |
| v. | )<br>) |
| MMR SENIOR ALLIANCE CORP d/b/a RIGHT AT HOME OF MIDDLE TENNESSEE and BHAVANI MUVVALA, | ) Chief Judge Waverly D. Crenshaw, Jr.<br>) Magistrate Judge Barbara D. Holmes<br>)<br>)<br>) |
| *Defendants*. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Come now the Plaintiffs, Roberta Wilson, Angela Wilson, and Lisa Thornton (collectively "Plaintiffs"), and Defendants MMR Senior Alliance Corp d/b/a Right at Home of Middle Tennessee and Bhavani Muvvala (collectively "Defendants"), and jointly notify the Court that they have resolved the above-referenced action and all claims raised therein. The parties jointly move the Court for entry of an Order (1) approving the parties' settlement agreement resolving all claims raised in this matter under the Fair Labor Standards Act, 29 U.S.C. § 216(b); and (2) ordering that Defendant shall transmit payments to the individual Plaintiffs in individual checks within 10 calendar days of Court approval and that Plaintiffs shall have 14 days from receipt of the last of such payments to file a proposed order dismissing with prejudice the Plaintiffs' claims against Defendants. A copy of the settlement agreement is attached hereto as Exhibit A.

1. Plaintiffs filed a Complaint against Defendants on October 27, 2017. The Complaint asserts various claims, including a claim for back wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. The parties have agreed to settle all of Plaintiffs' claims alleged against the Defendants in the Complaint in this matter and all amendments thereto, and any additional claims they may have against Defendants.

3. Pursuant to the case law regarding settlement of FLSA claims, in a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135 (11th Cir. 1982); *Rampersad v. Certified Installation*, LLC, No. 1:12-CV-00032, 2012 U.S. Dist LEXIS 167156, *2 (E.D. Tenn. Nov. 26, 2012) (Lee, Magis.).

4. The settlement in this case is one where the Court may approve the parties' settlement to resolve and release the Plaintiffs' FLSA claims. The proposed settlement arises out of an action brought by the Plaintiffs against their former employer, which was adversarial in nature. Both Plaintiffs and Defendants have been represented by legal counsel throughout this process, Plaintiffs' claims were disputed, and the settlement was reached following extensive arms-length negotiations. Consequently, the parties submit that the settlement is fair and reasonable and should be approved by the Court.

5. Pursuant to the settlement reached by the parties for Plaintiffs' FLSA claims, Plaintiff Angela Wilson will receive $50,000, half of which is to compensate her for her alleged unpaid back wages and the other half comprises liquidated damages. Plaintiff Roberta Wilson will

receive $15,500, half of which is to compensate her for her alleged unpaid back wages and the other half comprises liquidated damages. Plaintiff Lisa Thornton will receive $2,000, half of which is to compensate her for her alleged unpaid back wages and the other half comprises liquidated damages. This settlement of these claims results from a *bona fide* compromise between the parties on a variety of disputed issues of law and fact. The settlement occurred on an arm's length basis as the result of numerous meetings, phone conferences, and correspondence between Plaintiffs' counsel and Defendants' counsel, and a lengthy mediation. The parties stipulate that they are resolving the matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation. The parties engaged in discovery and undertook detailed legal and factual analyses of the claims and defenses in this action. The legal and factual nature of the claims and defenses in this case would have caused significant additional unnecessary expense for all parties should it have been necessary to try the case.

6. The settlement negotiated in this case reflects a reasonable compromise of the disputed issues. All parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations at mediation. All parties were counseled and represented by their respective attorneys throughout the litigation, negotiation, and settlement process. Counsel for all parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances. The parties agree and stipulate that pursuant to the terms of the settlement agreement the Plaintiffs have received all wages owed to them under the FLSA.

7. The parties have also reached an agreement on the amount of attorney fees payable to counsel for the Plaintiffs. Under 29 U.S.C. § 216(b), "[t]he Court in such action

shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Counsel for the Plaintiffs note that no expenses will be deducted from the amounts recovered by the Plaintiffs. Any expenses incurred will be deducted from the attorney fees paid to counsel for the Plaintiffs.

8. The parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by any party, and it is the parties' intention to permanently terminate this action with prejudice.

WHEREFORE, premises considered, the parties jointly request that their Joint Motion for Court Review and Approval of Settlement and Dismissal of Case with Prejudice be granted and that this case be dismissed in its entirety, with prejudice. A proposed Order granting the Motion is attached to this Motion.

Respectfully submitted,

/s/ Robert D. Martin
Thomas W. Shumate IV (#019595)
Robert D. Martin (#034338)
Meridian Law, PLLC
2900 Vanderbilt Place, Suite 100
Nashville, TN 37212
(615) 229-7499 (office)
(615) 229-7498 (fax)
tom.shumate@meridian.law
robert.martin@meridian.law
*Counsel for Defendants*


/s/ Joe P. Leniski
J. Gerard Stranch, IV (#023045)
Joe P. Leniski (#022891)
Anthony A. Orlandi (#033988)
Callie Jennings (#035198)
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, Tennessee 37203
gerards@bsjfirm.com
joeyl@bjsfirm.com
aorlandi@bsjfirm.com
calliej@bjsfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing Joint Motion was served via the Court's CM/EFC electronic filing system on:

J. Gerard Stranch, IV
Joe P. Leniski
Anthony A. Orlandi
Callie Jennings
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, Tennessee 37203
gerards@bsjfirm.com
joeyl@bjsfirm.com
aorlandi@bsjfirm.com
calliej@bjsfirm.com
*Attorneys for Plaintiffs*

on the 30 day of July, 2018.

                                              /s/ Robert D. Martin
                                              Robert D. Martin