IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERTA WILSON, ANGELA WILSON, AND LISA THORNTON on behalf of themselves and other similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MMR SENIOR ALLIANCE CORP d/b/a RIGHT AT HOME OF MIDDLE TENNESSEE and BHAVANI MUVVALA,<br><br>    *Defendants*. | Case No: 3:17-cv-1412<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |

**ORDER**

This matter came before the undersigned for approval of a settlement agreement between the parties. Based on the Court's review of the parties' Joint Motion for Approval of the Settlement Agreement and supporting Memorandum, and the record in this matter, the Court finds as follows:

    1.    Plaintiff Angela Wilson was employed by Defendant MMR Senior Alliance Corporation in Murfreesboro, Tennessee from November 2015 to February 2018. Plaintiff Roberta Wilson was employed by the Defendant in Murfreesboro, Tennessee from January 2016 to July 2017. Plaintiff Lisa Thornton was employed by the Defendant in Murfreesboro, Tennessee from April 2017 to June 2017. Following the end of Plaintiffs Roberta Wilson and Lisa Thornton's employment and during Plaintiff Angela Wilson's employment, the Plaintiffs

instituted this action to recover unpaid wages and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and brought state law claims for breach of contract and unjust enrichment. The Defendants disputed these claims.

2. After conducting discovery and investigation, the parties entered into settlement negotiations. On June 20, 2018, the parties participated in a lengthy mediation, during which they reached a settlement in this case. The parties have filed an Amended Joint Motion for Approval of Settlement, attaching the Settlement Agreement executed by all parties.

3. Pursuant to the case law regarding settlement of FLSA claims, in the context of a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation*, LLC, No. 1:12-CV-00032, 2012 U.S. Dist LEXIS 167156, *2 (E.D. Tenn. Nov. 26, 2012) (Lee, Magis.).

4. Based upon the record and the parties' representations, the Court finds that the parties are indeed engaged in a *bona fide* dispute. The Court further finds that, given the legal and factual strengths and weaknesses of each of the parties' respective positions, the proposed settlement in this matter represents a fair and reasonable resolution of the parties' disputes. The Court notes that the parties have also reached an agreement as to payment of reasonable attorney fees, and further notes that the Plaintiffs' settlement amounts will not be further reduced to pay for expenses incurred in this matter. The fees payable to Plaintiffs' attorneys will be used to account for any expenses. Additionally, as to attorney fees, the Court finds that said fees are reasonable. Additionally, Defendants have agreed to pay the attorney

fees in this case and do not dispute the reasonableness of said fees, and further none of the attorney fees will be taken out of the Plaintiffs' award.

5. After reviewing the relevant documents and the record as a whole, the Court has assured itself that the compromise between the parties was a fair and reasonable resolution of the parties' *bona fide* dispute.

Based upon the foregoing, the Court finds that the parties' proposed resolution of this case, as memorialized in the settlement agreement, is a fair and reasonable resolution of a bona fide dispute under the FLSA. This case and the negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel. After considering all the facts and circumstances as reflected in the document provided, the Court has no reservations about approving this settlement, noting specifically that the Plaintiffs attest that they believe the settlement to be fair under the circumstances and wish the Court to approve the settlement.

Accordingly, the proposed settlement, as contained in the settlement agreement, is **APPROVED**. Within ten (10) calendar days of entry of this Order, Defendants shall submit complete payment to each individual Plaintiff by individual check as required under the settlement agreement to Plaintiffs' counsel. Once the last of those individual payments to Plaintiffs is received, Plaintiffs shall within 14 days submit a Notice of Payment to the Court accompanied with a proposed order of dismissal with prejudice.

**IT IS SO ORDERED**.

_____
WAVERLY D. CRENSHAW, JR.
Chief United States District Judge